E-FILED
Thursday, 05 November, 2026 03:07:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRANDON WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-3244 |
| | ) | |
| BRITTANY GREENE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, brought this case pursuant to 42 U.S.C. § 1983. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff was incarcerated at Western Illinois Correctional Center ("Western Illinois"). Defendants are alleged to have worked at the facility in the following capacities: Defendant Greene was the former warden; and Defendant Wilkerson was the Director of Nursing.

Defendant Hughes was the Director of the Illinois Department of Corrections. Defendant Centurion Health was the private company contracted to provide medical services at Illinois prisons.

Plaintiff alleges he suffered from a painful back condition that made it difficult to perform basic tasks. Plaintiff alleges that, prior to his arrival at Western Illinois, officials at Menard Correctional Center had sent him to an outside specialist that prescribed epidural injections with the goal of evaluating whether surgery would be helpful. Plaintiff alleges that medical staff also ordered low gallery and low bunk permits, extra mattresses, and a single-man cell to accommodate his condition.

Plaintiff alleges that, upon his transfer in October 2025, Western Illinois officials delayed examining him for at least two months, citing a backlog in appointments. Plaintiff alleges that medical staff falsified records indicating he was a no show at scheduled appointments in response to grievances. Plaintiff alleges he personally told Defendant Wilkerson about his pain only for him to walk away. Once seen, Plaintiff alleges that medical staff told him he would have to be seen three times in sick call before he could see a doctor, resulting in an additional three-month delay.

Plaintiff alleges he first saw the doctor in January 2026, who ordered an MRI and referred him for injections. Plaintiff alleges that the MRI disclosed that his condition had worsened, that medical staff increased his pain medications, referred him for additional injections, and referred him to see a different outside specialist. Plaintiff alleges that the specialist referred him for additional injections and told him he would evaluate him for surgery at a later date.

## DISCUSSION

### Medical Treatment

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). Plaintiff sufficiently alleges that he suffered from a serious medical need.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. Courts defer to treatment decisions made by medical professionals unless the evidence shows that "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

A treatment decision permits an inference that the medical provider acted with deliberate indifference only when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Petties*, 836 F.3d at 729 (internal

quotations omitted). Persisting in a course of treatment known to be ineffective, failing to follow an existing protocol, delaying treatment without penological justification, and refusing to follow a specialist's recommendations may permit an inference that a medical professional failed to exercise the appropriate judgment. *Id.* at 729-30.

Plaintiff's pre-existing condition, prior treatment, and MRI results permit a plausible inference that Defendant Wilkerson unnecessarily delayed medical treatment for several months and that the delay caused Plaintiff unnecessary pain and exacerbated his condition. Plaintiff's allegations that the system required him to see a nurse three times without regard to his condition or prior treatment permit a plausible inference that the delay resulted from a Centurion policy. The Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Wilkerson and Centurion. *See Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007); *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff does not state an Eighth Amendment claim against Defendants Greene or Hughes. No plausible inference arises that these defendants were responsible for Plaintiff's medical treatment or that they caused any delay. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff cannot prevail against these defendants under § 1983 just because they were in charge, and denial of an administrative complaint after the fact does not constitute personal involvement. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *George v. Smith*, 507 F.3d 605, 60 (7th Cir. 2007).

**Plaintiff's Motions to Request Counsel (Docs. 4, 11)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motions are denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Wilkerson and Centurion. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's**

**forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

**5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

**6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

**7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

**8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**11. The clerk is directed to terminate Brittany Greene and Latoya Hughes as defendants.**

**12. The clerk is directed to attempt service on Wilkerson and Centurion Health pursuant to the standard procedures.**

13. **Plaintiff's Motions [4][11] are DENIED with leave to renew.**

Entered this 5th day of November, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE